```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SANTOS RAMOS RODRIGUEZ,          : CIVIL NO: 1:11-CV-01709
                                 :
          Plaintiff              :
                                 : (Judge Caldwell)
     v.                          :
                                 : (Magistrate Judge Smyser)
COURT OF COMMON PLEAS OF         :
YORK COUNTY, et al.,             :
                                 :
          Defendants             :
```

## REPORT AND RECOMMENDATION

      The plaintiff claims that he is being held in prison on the basis of a void judgment.  He also claims that money is being deducted from his prison account to satisfy that void judgment.  He brought this action as a mandamus action and a 42 U.S.C. § 1983 action.  Because a habeas corpus action is the only proper method to challenge a criminal judgment, the plaintiff cannot challenge his criminal judgment in this action.  Moreover, this court may not issue a mandamus order to state courts or state officials.  Further, because to prevail on his 42 U.S.C. § 1983 claims the plaintiff would need to establish that his criminal judgment is void, he cannot present such claims at this time. So, we recommend that the complaint be dismissed and the case file closed.

I. Background and Procedural History.

The plaintiff, a state prisoner proceeding *pro se*, commenced this case by filing a complaint.  He also filed an application for leave to proceed *in forma pauperis*, which by a separate order we have granted.

The complaint is titled as a request for mandamus relief.  The caption of the complaint names the following entities as defendants: 1) the Court of Common Pleas of York County; 2) the Commonwealth of Pennsylvania; 3) the Pennsylvania Department of Corrections (DOC) and; 4) the State Correctional Institution at Albion (SCI-Albion).  In the body of the complaint, the plaintiff names the following individuals as defendants: 1) Judge John H. Chronister; 2) Judge John S. Kennedy; 3) Seamus D. Dubbas, an assistant district attorney; 4) Christopher Keppel, a Pennsylvania State Police trooper; 5) Don O'Shell, a Clerk of Court; 6) Judith Vigleone, a director of records with the DOC; 7) the Erie County Court of Common Pleas; 8) Jack Daneri, a district attorney; 9) Chery Gill, a records supervisor at SCI-Albion; 10) Sandra Gorniak, an account at SCI-Albion; and 11) Raymond Sobina, the Superintendent at SCI-Albion.

The plaintiff alleges that in August of 2006 he was sentenced to a term of imprisonment and a fine. He alleges that he was given credit for full payment of the fine, but, contrary to his expectations, he was not released from custody. He alleges he is subject to a "void judgment" of thirty years imprisonment and a fine of $190,000. He alleges that money has been deducted from his prison account to pay the fine.

II. Pleading Standards.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But more is required than labels, conclusions and a formulaic recitation of the elements of a

3

cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

We review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening.**- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

5

A. Mandamus.

The plaintiff is seeking mandamus relief.

28 U.S.C. § 1361 provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The plaintiff, however, is not seeking mandamus relief to compel a federal official or employee to perform a duty. Rather, the plaintiff is seeking mandamus relief as to state entities and officials. But this court does not have jurisdiction pursuant to 28 U.S.C. § 1361 to issue a mandamus order to state officials. *Harman v. Datte,* 427 Fed.Appx. 240, 243 (3d Cir. 2011).

This court does have authority, under the All Writs Act, to issue a writ in the nature of mandamus when necessary or appropriate in aid of its jurisdiction and agreeable to the usages and principles of law. 28 U.S.C. § 1651. But the All Writs Act does not provide an independent basis for

6

jurisdiction and may be invoked only in aid of jurisdiction already possessed by the court on some other ground. *See Jones v. Lilly*, 37 F.3d 964, 967 (3d Cir. 1994)("the writ issued must aid the court in the exercise of its jurisdiction."). In this case, issuing a writ in the nature of mandamus would not aid the court in the exercise of its jurisdiction.

The court does not have authority to issue a writ of mandamus in this case.[1]

B. Habeas Corpus.

When a prisoner challenges the duration of his confinement "and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas

---

1. In addition to seeking mandamus relief in his complaint, the plaintiff also filed a subsequent motion (doc. 6) for mandamus relief. That motion deals with the plaintiff's removal from his job and the "seizure" of his pay - issues different from the issues raised in his complaint. In any event, as set forth above, the court does not have authority to issue a writ of mandamus to state officials in this case.

7

corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, the plaintiff may not seek relief from custody except in a habeas corpus action pursuant to 28 U.S.C. § 2254.

We do not construe the petition in this case as a habeas corpus petition. Although the plaintiff makes a passing reference to habeas corpus in his complaint, he has not titled his petition as a habeas corpus petition, he has not used the standard form as required by Local Rule 83.32.1, and his complaint does not contain the information required by the standard form. Moreover, the plaintiff has not alleged that he has exhausted state judicial remedies as required by 28 U.S.C. § 2254.

C. 42 U.S.C. § 1983.

"Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005). Section

8

1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* "To state a claim under § 1983, a plaintiff 'must allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005)(quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997)).

The plaintiff claims that his criminal judgment is void and the various defendants were involved with either procuring, entering, or enforcing that judgment. His claims, however, are barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck v. Humphrey*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state

9

tribunal authorized to make such [a] determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. 477, 486-87 (1994)(footnote omitted). Even if a plaintiff has exhausted available state remedies, he has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the granting of a writ of habeas corpus. *Id.* at 489.

*Heck* addressed a claim for monetary damages. But the reasoning of *Heck* also applies to claims for declaratory relief that would necessarily imply the invalidity of the plaintiff's confinement. *See Edwards v. Balisok,* 520 U.S. 641, 648 (1997). "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005).

10

To succeed on his claims, the plaintiff would need to show that his criminal judgment is void. Therefore, his claims are not cognizable under 42 U.S.C. § 1983 unless or until that judgment has been set aside. The plaintiff has not alleged that the judgment has been set aside, and given the allegations in the complaint it is reasonable to infer that it has not. And so the plaintiff's claims are barred by *Heck*.

D. Leave to Amend.

Before dismissing a complaint for failure to state a claim upon which relief may be granted under the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). Because this court may not issue a writ of mandamus to state courts or state officials in this case, because the plaintiff may not challenge his criminal judgment in a civil-rights case, and because the plaintiff's 42 U.S.C. § 1983 claims are barred by *Heck,* amendment would be futile.

11

IV.  Recommendations.

Based on the foregoing, we recommend that the court dismiss the complaint, deny the plaintiff's motions (docs. 2 & 6) for summary judgment and mandamus, and close the case file.


                                        */s/ J. Andrew Smyser*
                                        J. Andrew Smyser
                                        Magistrate Judge


Dated:  October 25, 2011.